UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00186-MOC

| | | |
|---|---|---|
| **ERICA FLOOD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on Remand from the Court of Appeals for the Fourth Circuit for the limited purpose of allowing this court to obtain information from the parties concerning when petitioner delivered her Notice of Appeal to prison authorities, all in accordance with Fed. R. App. P. 4(c)(1) and Houston v. Lack, 487 U.S. 266 (1988).

In conducting such review, this court has closely reviewed the envelope in which petitioner mailed her Notice of Appeal. See Docket Entry (#12-1). While neither the date the postage was "cancelled" nor the date the envelope was marked "received" by the Clerk of Court are highly probative probative in determining the date plaintiff delivered the Notice of Appeal to prison authorities, what may well be highly probative is the fact that the postage applied was a stamp included in the 2013 four-panel holiday stamp, *Santa and Sleigh*. The "First Day of Issue" being October 11, 2012.[1] According to information contained in the postal bulletin, the first day such stamp was sold to the public was October 11, 2012. The court takes judicial notice of the information contained on the United States Postal Services' website. Here, petitioner claims that she delivered her notice of appeal to prison officials on August 15, 2012, only seven days after

---

[1] See https://about.usps.com/postal-bulletin/2012/pb22345/html/info_007.htm (viewed June 3, 2013).

this court entered the Order from which petitioner appeals and well within the 60 days permitted for filing such appeal. Fed. R. App. P. 4(a)(1)(B). Such date is, however, nearly two months before the postage applied thereto could have been purchased. With such in mind, the court will require the parties to submit affidavits concerning:

(1) the date on which petitioner delivered her Notice of Appeal to prison authorities;

(2) whether petitioner applied postage to such envelope before delivery of the Notice of Appeal to prison authorities; and

(3) any policies or procedures concerning the application of postage to prisoner mail, and whether prison authorities *ever* place postage on mail on behalf of inmates.

Affidavits shall be filed within 14 days. Petitioner is advised that an affidavit is a written statement under oath; that is, a statement prepared in writing and sworn to before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by petitioner to this court within the time provided in this Order and served on counsel for respondent as evidenced in a certificate of service attached to such affidavit(s).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the parties file affidavits consistent with the instructions in this Order within 14 days.

Signed: June 3, 2013

Max O. Cogburn Jr.
United States District Judge