UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00186-MOC

| | | |
|---|---|---|
| **ERICA FLOOD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | AMENDED |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on Remand from the Court of Appeals for the Fourth Circuit for the limited purpose of allowing this court to obtain information from the parties concerning when petitioner delivered her Notice of Appeal to prison authorities, all in accordance with Fed. R. App. P. 4(c)(1) and Houston v. Lack, 487 U.S. 266 (1988). On June 4, 2013, the court entered an Order (#15) requiring responses within 14 days. Allowing three days for mailing to petitioner and three days for a return mailing, petitioner's response was due not later than June 24, 2013.

In the previous Order entered June 25, 2013, the court determined that no timely response had been filed within the time allowed based on a review of the docket. On June 28, 2013, three days after entry of the previous Order, the Clerk of Court filed a letter from petitioner dated June 17, 2013, marked "received" in Charlotte on June 24, 2013, and then filed June 28, 2013.[1] The court finds such letter to be a timely response and amends its Order accordingly.

\* \* \*

---

[1] Petitioner addressed the letter containing her response to the undersigned in Charlotte; however, the undersigned's chambers are in Asheville, resulting in the delay in filing due to forwarding. Petitioner is advised, in any event, that anything she wants to file or to be considered by the court must be filed with the Clerk of Court and not sent to chambers. This rule applies to attorneys as well as pro se litigants.

1

In conformity with the Order of the Court of Appeals for the Fourth Circuit, the court has attempted to obtain information in evidentiary form concerning when petitioner delivered her Notice of Appeal to prison authorities for mailing. Having considered all the documents of record, the court makes the following findings:

(1) Petitioner submitted to this court on or about January 10, 2013, a Notice of Appeal purportedly signed and delivered to prison authorities on August 15, 2012.

(2) Review of the envelope in which such notice was delivered reveals a postal cancellation date of to be "January 2013"[2] and a "Received" stamp applied by the Clerk of this Court January 10, 2013. See Docket Entry (#12-1).

(3) Also on that envelope is a United States Postal Service commemorative postage stamp. The stamp applied was a stamp included in the 2012 four-panel holiday stamp "Santa and Sleigh." According to a postal bulletin issued by the United States Postal Service, the *First Day of Issue* of such commemorative stamp was October 11, 2012. The official postal bulletin provided that "[t]he stamps will go on sale nationwide October 11, 2012. (see https://about.usps.com/postal-bulletin/2012/pb22345/html/info_007.htm (as viewed June 25, 2013).

(4) In response to the court's inquiry, Order (#15), respondent has submitted an affidavit from Phillip Fondale, Supervisory Correctional Systems Specialist, Federal Prison Camp, Alderson, West Virginia ("Fondale Aff."). In that affidavit, Spc. Fondale avers in relevant part, as follows:

> 7. At FPC Alderson, staff do not put postage on an inmate's mail. Inmates may ask staff to weigh their mail if they need to know how much postage is required.

---

[2] The exact day is blurred, but appears to be January 8, 2013.

> 8. I spoke with mailroom staff, inmate Flood's Case Manager, and the Unit Secretary. No one recalls any issues with inmate Flood's mail.

Fondale Aff. At ¶¶ 7-8;

(5) Spc. Fondale also annexed to his affidavit a copy of the mail procedures applicable at FPC Alderson. Those procedures provide that mail items left with prison authorities in certain designated places will be collected and delivered to the Alderson Post Office each weekday. Id. at Exh. 1.

(6) After informing the parties of the postal stamp issue, petitioner contends in her unverified[3] response that she is not contending that she delivered that Notice of Appeal (#12) within the period for appeal to prison authorities, rather, she contends that what she ultimately filed with the court is merely a copy of her original Notice of Appeal, and that she sent the copy to the court in January 2013 with "'2nd Mailing or Notice' notated in the top corner of document." Response (#19) at 2. She further states she took such action because she "had not received any response from the US District Court regarding the first request for notice of appeal within a specific amount of time that she deemed reasonable." Id. at 1-2.

**Findings and Conclusions**

Based on such filings, the court makes the following findings:

(1) petitioner contends but does not aver that she originally submitted her Notice of Appeal to prison authorities on or about August 15, 2012;

---

[3] Despite being instructed as to the requirement of filing affidavits or declarations, and having been provided with instructions as to the manner in which to do so, see Order (#15), petitioner's responsive letter is not in proper evidentiary form and she does not attach any affidavit or declaration.

3

(2) the only Notice of Appeal received by this court was mailed by petitioner in January 2013, and petitioner does not now dispute that she mailed such notice in January 2013;

(3) petitioner contends that such Notice of Appeal is a copy of her August 15, 2013, Notice of Appeal. The Notice of Appeal filed in January 2013 has the handwritten word "resend" at the top;

(4) she states, but does not aver or declare, that she resubmitted such copy in January 2103 because she had not heard from this court since submitting her Notice of Appeal in August 2012. Petitioner does not allege that her August 15, 2012, mailing was ever returned to her and does not edxplain what lead her to believe that her Notice of Appeal was not received;

(5) the January 2013 Notice of Appeal was unaccompanied by any letter explaining that she was attempting to refile a document she believed she had filed earlier;

(6) the docket contains no public or intra-court notation that petitioner contacted the court at any time post-judgment and before filing her January 2013 Notice of Appeal questioning why she had not heard back from the court based on her alleged filing of a Notice of Appeal in August 2012; and

(7) in proper evidentiary form, the government has submitted affidavits indicating that prison authorities follow written procedures in handling prisoner mail and that jail personnel, including her case manager, could

recall no concerns voiced by petitioner over the mishandling of her prison mail.

The court, therefore, concludes that the January 2013 Notice of Appeal was not delivered to jail authorities until on or about January 7, 2013, making such Notice of Appeal untimely. To the extent that petitioner contends she delivered the original of such Notice of Appeal to prison authorities in August 2012, there is no evidence of record that would support such assertion other than the signature dates appearing on such notice. First, petitioner has failed to present to the court any affidavit or declaration in support of her contentions despite being advised of the necessity of such filing and the manner in which to make such filing. Second, the admissible evidence of record, including the affidavits submitted by the government, indicate no recollection by prison authorities of any problems petitioner has had with her mail. Third, the court's own record indicates absolutely no correspondence from petitioner between the Clerk's Entry of Judgment in August 2012 and petitioner's filing of her Notice of Appeal in January 2013. Rather than allege or aver that she called or corresponded with someone in the Clerk's office or accessed the court's docket remotely, petitioner contends that she unilaterally decided in January 2013 to refile her Notice of Appeal because a "specific amount of time that she deemed reasonable had passed." Petitioner does not explain why she concluded that her Notice of Appeal had not been filed or how she reached this conclusion. Petitioner does not explain why she did not inquire of the Clerk of Court as to the status of her appeal before she refiled her Notice of Appeal. Put another way, petitioner does not explain how she knew her Notice of Appeal had not been filed.

Thus, the only record evidence before the court conclusively reveals that petitioner's January 2013 Notice of Appeals was not delivered to prison authorities until on or about January 7, 2013, making such filing untimely. Petitioner's contentions that she previously submitted an identical or original Notice of Appeal to prison authorities finds no support in the evidentiary record. The petitioner's filing was not, therefore, timely under Fed. R. App. P. 4(c)(1) and Houston v. Lack.

The Clerk of this Court shall certify a copy of this Amended Order to the Clerk of the Court of Appeals for the Fourth Circuit, all in conformity with the Order of Limited Remand in United States v. Flood, No. 13-6054 .

Signed: July 1, 2013

Max O. Cogburn Jr.
United States District Judge